## APPEAL OF H. T. COCHRAN.

Docket No. 3801.   Submitted October 9, 1925.   Decided December 21, 1925.

*Maynard Teel, Esq.*, for the taxpayer.
*W. Frank Gibbs, Esq.*, for the Commissioner.

Before JAMES and TRUSSELL.

This is an appeal from the determination of a deficiency in income tax for the year 1919 in the amount of $1,521.22.   The question involved is whether or not the taxpayer in computing his net income for the year 1919 is entitled to deduct a loss sustained by him in that year from the operation of his farm.

### FINDINGS OF FACT.

The taxpayer is an individual residing on a farm, known as the Fairview Farm, about 1 mile from the village of Dawson, Pa.   The Fairview Farm consisted of three tracts, the first of which was acquired about 1902, the second in 1910, and the third about 1917.   The taxpayer and his family have made their home on the farm for many years, but during the year 1919 the family lived in Washington, Pa., in order that the taxpayer's children might attend school there.   During the time the taxpayer's wife and children were in Washington, Pa., he remained on the farm and continued to operate it, but about every two weeks he spent Sunday with his family. There are two frame houses on the farm, one of which contains six rooms and bath, and is and has been occupied by the taxpayer as a residence.

The farm in question, for many years prior to 1916, was operated by the taxpayer as a general farm, and the taxpayer, who had been reared on a farm and understood farming, actually worked thereon. About the year 1916 the farm agent for Fayette County, Pa., made a special effort to encourage the raising of livestock by the farmers of that county, and as a part of his campaign published newspaper articles dealing with the advisability of raising high grade beef cattle and also talked to the farmers in person on that subject.   The business was represented to the farmers as one that promised to be profitable.   The taxpayer was one of the farmers approached by the county agent on the subject of raising high grade beef cattle, and, as a result of the efforts of the county agent, he purchased in the year 1916, at a high price, a number of Hereford cattle and went into the cattle-raising business.   He also, at a considerable expense, converted his farm from a general farm to a stock farm.   During the years 1918 and 1919 farm labor was very scarce, due to war conditions, and the taxpayer devoted practically all of his time to working on his farm.

During the year 1919, on account of the fact that the price of cattle had gone down, and for other reasons, the operation of the taxpayer's farm was unprofitable, and he sustained a loss therefrom. The parties to this appeal have stipulated that the amount of the loss was $10,555.91. The taxpayer in his return for the year 1919 did not deduct the amount of the loss in question.

The taxpayer is, and has been for many years, the owner of a number of shares of stock in certain companies engaged in the mining and selling of coal, from which he derives, and has heretofore derived, a substantial income. However, during the years mentioned herein, he had no regular business except managing and operating his farm, and that business was conducted by him for profit and not for pleasure or recreation.

The Commissioner, upon audit of the taxpayer's income-tax return for the year 1919, made certain adjustments increasing his income, which are not material here, and to which taxpayer apparently takes no exception, but refused to allow the taxpayer to deduct the amount of the loss sustained by him from the operation of his farm.

### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact. Final determination will be settled on 10 days' notice, under Rule 50.

---

### APPEAL OF W. H. HARRIS GROCERY CO., INC.

Docket No. 3884.   Submitted July 8, 1925.   Decided December 21, 1925.

> Where the evidence is clear and convincing that the board of directors of a corporation actually met within the year and voted additional compensation to its officers and employees, such additional compensation is properly deductible from gross income for that year under section 234 (a) (1) of the Revenue Act of 1918, although no formal minutes of the meeting were preserved.

*R. E. Cabell, Esq.*, and *James H. Rindfleisch, C. P. A.*, for the taxpayer.
*George G. Witter, Esq.*, for the Commissioner.

### Before MARQUETTE and MORRIS.

This appeal is from the determination of a deficiency in income and profits taxes for the year 1918 in the amount of $16,174.30. The deficiency letter showed an overassessment for 1919 in the amount of $89.46.

The question here involved is whether the taxpayer is entitled to the deduction of additional salaries to officers and employees of $27,000 in 1918 and $25,000 in 1919.